# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Omegra Shipping Pte Ltd, § | |
| § | |
| Plaintiff, § | Case No. 2:20-cv-1748 |
| § | |
| vs. § | **IN ADMIRALTY** |
| § | |
| Xcoal Energy and Resources Gmbh, § | |
| § | |
| Defendant. § | |

## VERIFIED COMPLAINT

COMES NOW, Plaintiff, Omegra Shipping Pte Ltd (hereinafter "Plaintiff" or "Omegra"), by and through its undersigned counsel, hereby files this Verified Complaint against the Defendant Xcoal Energy and Resources GmbH (hereinafter "Defendant" or "Xcoal") and alleges as follows:

### I. JURISDICTION, VENUE AND PARTIES

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. This case is also an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for a claim of breach of a maritime contract.

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the property belonging to the Defendant is located in the Western District of Pennsylvania.

3. At all times material hereto, Plaintiff Omegra, was and still is a foreign business organized under the laws of Singapore.

4. At all material times hereto, Defendant Xcoal was and still is a company organized under the law of Switzerland.

1

## II. FACTS

5. On or about November 22, 2019, Omegra entered into an Americanized Welsh Coal Voyage Charterparty, as amended, with Xcoal for the use of the M/V FORTUNE RAINBOW (IMO No. 9317511) (hereinafter the "Vessel"). The charter party was for the carriage of 75,000MT/10% Moloo coking coal cargo from the port of Gladstone to the ports of Qingdao or Paradip (or other workable port within India/Japan range at charterers option. *A copy of the Charter Party is attached hereto as Exhibit 1.*

6. The charter party agreement for the transport of cargo is a maritime contract.

7. The charter party agreement is governed by English law, and any dispute arising under the agreement shall be referred to arbitration. *Id.*

8. Xcoal and Omegra agreed that demurrage would be calculated at the rate of $10,500.00 for laytime at load port and discharge port, otherwise $12,000 for time spent drifting, if any." *Id.*

9. Pursuant to the terms of the charter party, Xcoal had five (5) to fourteen (14) days to complete loading/discharge operations, following which demurrage would accrue and be charged at the agreed rate. *Id.*

10. The Vessel successfully completed the voyage between Gladstone and Huanghua.

11. On or about July 29, 2020, Omegra sent Xcoal its final invoice for the outstanding demurrage accrued during loading/discharge operations, the costs for freight, and costs for drifting consistent with the parties agreed terms from the charter party.

12. The total amount due and owing, less the credits provided to Xcoal for the prepayment of freight on July 29, 2020 is **$243,655.29.** *A copy of the Invoice is attached hereto as Exhibit 2.*

13. Despite numerous requests for payment, Xcoal has failed, neglected, and/or refused to submit payment for the outstanding balance due and owing under the charter party agreement.

### III. REQUEST FOR RULE B ATTACHMENT AND ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT

14. Omegra restates and re-alleges paragraph 1 – 13 in the above foregoing Verified Complaint.

15. Plaintiffs' claim against Defendant for breach of the charter party agreement is a maritime claim. This is an ancillary proceeding to secure jurisdiction and security over Defendant. Plaintiff has commenced arbitration in London, consistent with the parties' charter party agreement.

16. Interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration. It is standard for interest to be awarded to the prevailing party in the amount of 4.5%, compounded quarterly.

17. As best as can now be estimated, Plaintiff expects to recover the following amounts from Defendant:

| | | |
|---|---|---|
| A. | Principal claim of Unpaid Hire: | $ 243,655.29 |
| B. | Estimated interest on Principal claim: 2 years at 4.5%, compounded quarterly | $ 22,812.21 |
| C. | Estimated attorneys' fees: | $ 75,000.00 |
| D. | Estimated arbitration costs/expenses: | $ 50,000.00 |
| | Total Claim | $ 391,467.50 |

18. 13. Therefore, Plaintiff's total claim for breach of the maritime contract against is in the aggregate **US$ 391,467.50.**

19. Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of David McQuiston attached hereto as Exhibit 3.*

20. The Defendant does have within the District tangible or intangible personal property, which is subject to attachment, and in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment. Defendant has assets in the form of property in bank account(s) maintained at PNC Bank N.A., whose headquarters is located at PNC Firstside Center, 500 First Avenue, Pittsburgh, PA 15219. *A copy of the bank account information is attached hereto as Exhibit 4.*[1]

21. As set forth in Exhibit 4, prior payments by Defendant to Plaintiff have been remitted by Defendant from their PNC Bank N.A. account(s) located within the District.

22. Accordingly, Plaintiff seeks an order of attachment seizing any and all property belonging to the Defendant up to the amount of **US$ 391,467.50**.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Omegra prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Verified Complaint;

B. That if Defendant cannot be found within this district, then all of their respective tangible or intangible property within this District, including physical property, or any property in which Defendant have an interest, debts, credits, or effects including but not limited to: bank accounts, checks, documents of title, shares of stock or other financial instruments, and any other

---

[1] Consistent with the Federal and Local Rules, the financial institution bank account number information is redacted on the publicly filed cm/ECF exhibit. Should the Court wish to review an unredacted copy for *in camera* review, Plaintiff would be pleased to provide a copy of same.

funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of, the Defendant in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C. That if Defendant fails to appear and answer this matter once property has been attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, that judgment be entered against the Defendant in the sum of **US$ 391,467.50** and the proceeds of the assets attached be applied in satisfaction thereof;

D. That the Court grant Plaintiff such other and further relief as it deems just, equitable and proper.

Dated: Pittsburgh, PA
      November 12, 2020                    THOMSON, RHODES & COWIE, P.C.

By:   /s/ David M. McQuiston, Esq.
       David M. McQuiston
       Two Chatham Center, 10th Floor
       Pittsburgh, PA 15219-3499
       (412) 316-8661
       (412) 232-3498
       dmcquiston@trc-law.com

*Attorneys for Plaintiff*
*Omegra Shipping Pte Ltd.*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Omegra Shipping Pte Ltd, | § |
| Plaintiff, | § Case No. 2:20-cv-1748 |
| vs. | § IN ADMIRALTY |
| Xcoal Energy and Resources Gmbh, | § |
| Defendant. | § |

## VERIFICATION

Pursuant to 28 U.S.C. § 1746 I, Steven Goh, hereby declare under penalty of perjury:

1. I am a representative of Plaintiff Omegra Shipping Pte Ltd, and authorized to act on the company's behalf;

2. I have read the foregoing Verified Complaint and exhibits thereto and know the contents thereof; and

3. I believe the matters to be true based on personal knowledge as well as review of documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters, and attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 3, 2020
Singapore

By: _____
Authorized Representative for
Omegra Shipping Pte Ltd

**OMEGRA**
An FKS Company

1